GOODWIN, Circuit Judge,
dissenting:
I respectfully dissent. This court lacks jurisdiction to review a removal order for an alien convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); see Cazarez-Gutierrez v. Ashcroft, 382 F.3d 905, 919 (9th Cir.2004). Leonardo pled guilty to violations of California Health and Safety Code § 11378 for possession for sale of methamphetamine, an aggravated felony, because the crime involves a trafficking element. Cazarez-Gutierrez, 382 F.3d at 918; see Saravia-Paguada v. Gonzales, 488 F.3d 1122, 1125-26 (9th Cir.2007) (recognizing that conviction under § 11378 is an aggravated felony). “An aggravated felony on a criminal record has worse collateral effects than a felony conviction simple. Under the immigration statutes ..., the Attorney General’s discretion to cancel the removal of a person otherwise deportable does not reach a convict of an aggravated felony.” Lopez v. Gonzales, 549 U.S. 47, 50, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) (emphasis added). The administrative record also contains court documentation of multiple violations of controlled-substance laws, and the Immigration Judge (“LJ”) found this by “clear and convincing evidence.” Conviction of an aggravated controlled-substance felony, however, is sufficient to remove this court’s jurisdiction to review Leonardo’s removal order and additionally makes him ineligible for cancellation of removal, asylum, and voluntary departure.
The administrative record also contains Leonardo’s immigrant visa and alien registration, on which he states that he has no spouse and further that he is single and had “never married,” with his sworn signature that his statements were true and correct. Because Leonardo was married at the time, this statement was false and constituted knowing and deliberate fraud by Leonardo to gain entry into the United States. On August 29, 2006, the Board of Immigration Appeals (“BIA”) dismissed Leonardo’s appeal because he had abandoned his opportunity to seek cancellation of removal by failing to apply by the dead *425 line set by the IJ and because he had an aggravated felony conviction. While he seeks to blame his attorney for missing filing deadlines or not filing, Leonardo’s own aggravated-felony conviction precluded relief from his removal by the BIA. Leonardo’s counsel was bad, and he was disbarred for his ineffective representation of Leonardo and other aliens, but that is a side issue. The primary reasons for Leonardo’s warranted removal were his own actions of fraud and conviction of an ag- . gravated controlled-substance felony.
On January 23, 2008, Leonardo moved to reopen his removal proceedings and faulted his attorney for ineffective representation that should qualify Leonardo for equitable tolling of the filing date. On March 18, 2008, the BIA denied Leonardo’s untimely motion to reopen. Specifically, the BIA noted that equitable tolling applied only if Leonardo had been prevented from filing by fraud or error by his attorney, and Leonardo had acted with due diligence to discover such fraud or error. The BIA stated that its comments were sufficient to alert Leonardo that his attorney had abandoned his application for relief, specifically its August 29, 2006, decision. Consequently, Leonardo cannot claim due diligence, because he waited more than a year after that decision to file his motion to reopen. Thus, Leonardo’s aggravated-felony drug conviction, which was the reason for his removal, remains, and he is ineligible for relief from removal. Therefore, the BIA did not abuse its discretion by acting “arbitrarily, irrationally, or in a manner contrary to law” in denying Leonardo’s untimely motion to reopen his removal proceedings. Singh v. INS, 213 F.3d 1050, 1052 (9th Cir.2000) (citation and internal quotation marks omitted).
Because Leonardo’s aggravated-felony drug conviction precludes withholding of removal, this court lacks jurisdiction over his petition. Accordingly, I dissent.